# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **MARTIN LANE HISTORIC** | ) | |
| **AMERICANA,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-cv-8496 |
| | ) | |
| vs. | ) | Hon. Judge Stein |
| | ) | |
| **WILLIAM EBY,** | ) | |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFF MARTIN LANE HISTORIC AMERICANA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WILLIAM EBY'S MOTION TO DISMISS AND FOR SANCTIONS PURSUANT TO RULES 12(b)(6) AND 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

**(ELECTRONICALLY FILED ON NOVEMBER 29, 2007)**

Gavin P. Lentz, Esq.
**BOCHETTO & LENTZ, P.C.**
1524 Locust Street
Philadelphia, PA 19102
215-735-3900
(fax) 215-735-2455
glentz@bochettoandlentz.com
*Attorney for Plaintiff*

## TABLE OF CONTENTS

I.     INTRODUCTION.................................................................................................4

II.    STATEMENT OF FACTS/PROCEDURAL HISTORY.....................................4

    A.     Procedural History....................................................................................4

    B.     Facts..........................................................................................................4

III.   ARGUMENT......................................................................................................7

    A.     Standard For Reviewing a Motion to Dismiss/Summary Judgment......................7

    B.     Plaintiff's Complaint States a Claim For Replevin And There Are Disputed Issues of Fact Over Who Has A Superior Right to Possession of the Items and Whether The Replevin Claim is Barred By Any Statute of Limitations...............................8

        i.     MLHA Has A Superior Right to Possession of the Firearms At Issue........8

        ii.    The Statute of Limitations Has Not Run on MLHA's Replevin Claim.....11

    C.     Plaintiff's Complaint States A Claim for Unjust Enrichment And There Are Disputed Issues of Fact Whether this Action is Governed By the Four Year or Six Year Statute of Limitations And Whether the Limitations Bars Plaintiff's Unjust Enrichment Claim...............................................................................................13

        i.     Plaintiff's Complaint States a Claim for Unjust Enrichment...................13

        ii.    There Are Disputed Issues of Fact Whether the Six of Four Year Statute of Limitations Applies To Plaintiff's Claims............................................14

        iii.   Even If this Action is Governed By the Six Year Statute of Limitations, There Are Disputed Issues of Fact When Breach Occurred and Thus When Plaintiff's Claim Accrued.........................................................................16

    D.     Plaintiff's Complaint States a Claim for Breach of Contract And There are Disputed Issues of Fact Whether the Claim Is Barred By Any Statute of Limitations...............................................................................................17

        i.     Plaintiff Has Plead Facts Establishing a Claim for Breach of Contract....17

        ii.    There Are Disputed Issues of Fact Whether the Plaintiff's Claim is Barred By Any Statute of Limitations................................................................17

    E.    There Is No Basis To Impose Sanctions on Either the Plaintiff or Its Counsel and Defendant's Motion Should Be Dismissed For Failing To Comply With the Safe Harbor Provisions of Rule 11................................................................................18

IV.    CONCLUSION.................................................................................................................19

## I.    INTRODUCTION

Plaintiff Martin Lane Historic Americana ("MLHA") submits this Memorandum of Law in Opposition to Defendant William Eby's motion to dismiss and for sanctions.  The Defendant's Motion is predicted entirely upon his conclusory, self-serving affidavit.  There are disputed issues of fact on all of the claims in Plaintiff's Complaint.  Furthermore, Defendant's Rule 11 Motion is not only groundless, it was also made in violation of the safe harbor provision of that Rule.  As the following will show, Defendant's Motion should be denied in its entirety.

## II.    STATEMENT OF FACTS/PROCEDURAL HISTORY

### A.    Procedural History

Plaintiff Martin Lane Historic Americana ("MLHA") filed its Complaint on October 1, 2007.  (A true and correct copy of MLHA's Complaint is attached as Ex. A.)  Shortly thereafter, Defendant ("Eby" or "Mr. Eby") was served.  As a courtesy to Mr. Eby and his counsel, the undersigned stipulated and agreed to allow Eby until November 23, 2007 to file a responsive pleading or motion.  On November 19, 2007, without notice to either MLHA or its counsel, Eby filed a motion seeking dismissal and the imposition of sanctions.

### B.    Facts

Martin Lane ("Mr. Lane") "is the owner and proprietor of MLHA."  (Ex. A, ¶ 3.)  Defendant Eby "[on] or about January 14, 2000 … appeared at MLHA's New York gallery and removed certain valuable artifacts and firearms from the premises."  (Id., ¶ 5.)   The fair market value of the items removed exceeds $200,000.  (Id., ¶ 6.)

At the time of removal, Mr. Eby "promised Mr. Lane that MLHA would be paid for all of the items he removed by a third-party."  (Id., ¶ 7.)  Mr. Lane "[i]n reliance upon Mr. Eby's promises and representations regarding payment … allowed Mr. Eby to remove the items …

from MLHA's gallery." (Id., ¶ 9.) However, "neither Mr. Eby nor the third-party has tendered payment for the items removed from MLHA's New York gallery." (Id., ¶ 10.)

As recently as "May 16, 2007", Mr. Lane, through undersigned counsel, "made written demand for return of these items." (Ex. A, ¶12; a true and correct copy of counsel's May 16 correspondence to Eby is attached as Ex. B.) Nevertheless, "the items have still not been returned." (Ex. A, ¶ 12.)

Mr. Eby has submitted an affidavit "in support" of his motion "imposing sanctions on the Plaintiff and his attorney." (Aff. of Eby is Ex. C hereto.) Among other things, Mr. Eby says that on December 28, 1997 he "entered into a consignment agreement with Larry Wilson (… "Wilson")." (Id., ¶ 3.) According to Eby, "as of November 23, 1999" Wilson still owed him "one-hundred ninety-two thousand ($192,000) dollars" for which Eby "obtained a judgment." (Id., ¶ 4.)

Mr. Eby says that on January 14, 2000, he and Wilson "drove to Lane's New York gallery." (Ex. C, ¶ 6.) According to Eby, when he and Wilson arrived, the parties executed an agreement where "all parties acknowledged that ownership of the aforementioned inventory of firearms was being transferred to me in satisfaction of a judgment and debt due and owing." (Id.)[1] The document which purports to constitute this agreement is attached to Eby's affidavit as Exhibit C and states that "this Receipt in consideration of goods (antique firearms) and other valuables William Eby has received from a Mr. Martin Lane [] Mr. Larry Wilson hereby promises to apply towards monies owed." (Eby's Aff. which is Ex. C hereto.) Exhibit B to

_____

[1] Notably, in a prior affidavit dated May 18, 2001, closer to the date Eby actually took possession of the items, he described the events of this day somewhat differently. On that day, when he and Wilson arrived, he saw items of "significant value" that were not "offered as consideration for settlement"; when they did settle on the pieces he could take, he sat down with Lane to "negotiate the values to be ascribed to each [firearm]." (Attached hereto as Ex. D, ¶ 7.)

Eby's Affidavit is the list of firearms, which MLHA has alleged evidences the agreed upon value that "MLHA would be paid for the artifacts and firearms." (Ex. A, ¶ 8 *compare with* Ex. B to Eby's Aff. which is Ex. C, hereto.)

Also attached to Mr. Eby's Affidavit as Exhibit D is another handwritten document, on Mr. Lane's letterhead, which notes, among other things, "on consignment from Mr. Bill Eby." (Ex. D to Eby's Aff.) According to Eby, this document shows that "Lane again acknowledged me as being the owner of the subject firearms." (Ex. C, ¶ 8.) In the final paragraph of his Affidavit, Eby states that MLHA's claims are "frivolous" and "exemplify the type of dishonest business transactions in which the Plaintiff has been involved in the past." (Id., ¶ 11.) Eby's evidence of frivolity is a December 25, 2006 internet article that, among other things, describes Wilson as both "the most prominent expert in collectible antique firearms" and "a con man, snookering the collecting elite and part-time hobbyist alike." (Ex. F to Eby's Aff.)

Attached hereto as Exhibit E and incorporated by reference is Martin Lane's affidavit where he states that he has read Mr. Eby's affidavit and the accompanying exhibits (Ex. E hereto, ¶2.) Mr. Lane views the documents attached to Mr. Eby's affidavit somewhat differently. First, he states that he never "considered Mr. Eby to be the lawful owner of the firearms and other valuables that he took from the premises of MLHA on January 14, 2000." (Id., ¶4.) The receipt, which Mr. Eby says evidences his ownership, is to Mr. Lane a forgery. (Id. ¶6.) According to Mr. Lane, he has never seen this document... and [he] disagree(s) with the significance that Mr. Eby assigns to it. (Id. ¶6.)

Moreover, as its relates to the consignment agreement which Mr. Eby says evidences his ownership, Mr. Lane believes that had he been successful in selling those guns, Wilson & Eby "would have been obligated to remit that money." (Id., ¶8.)

### III.    ARGUMENT

#### A.    Standard For Reviewing a Motion to Dismiss/Summary Judgment

"A motion brought under Fed.R.Civ.P. 12(b)(6) posits that Plaintiff has failed 'to state a claim upon which relief can be granted.'" *Ello v. Singh*, No. 050-cv-09625 (KMK), 2007 WL 3396483, at *3 (S.D.N.Y. Nov. 13, 2007) (quoting FED.R.CIV.P. 12(b)(6)). "When considering a Rule 12(b)(6) motion, a court must limit itself to facts in the complaint, documents attached to the complaint, and documents incorporated into the complaint." *Id.* at *4 (citing *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996)). "The Court will accept as true Plaintiff's allegations, and draw all inferences in Plaintiff's favor." *Id.* (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993) (further citations omitted)). "At this stage, the Court is not concerned with weighing the evidence which would be presented at trial." *Id.* (citing *Chosun Int'l Inc.v. Chrisha Creations, Ltd.*, 413 F.3d 324, 327 (2d Cir. 2005)).

However, should this Court decide to consider the affidavits and the exhibits submitted, Rule 12(b)(6) gives this Court discretion to treat this motion as one for summary judgment. *See* Fed.R.Civ.P. 12(b)(6); *see also Friedl v. City of New York*, 210 F. 3d 79, 83 (2d Cir. 2000). If treated as a motion for summary judgment, the Court must "assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." (*Coach Leatherware, Inc. v. Ann Taylor, Inc.*, 933 F. 2d 162, 167 (2d Cir. 1991) (citation omitted).

**B.    Plaintiff's Complaint States a Claim For Replevin And There Are Disputed Issues of Fact Over Who Has A Superior Right to Possession of the Items and Whether The Replevin Claim is Barred By Any Statute of Limitations**

Defendant argues, in a conclusory fashion, that he has superior rights to the firearms and that Plaintiff's replevin claim is barred by the applicable statute of limitations, because ownership was transferred to him in January, 2000.  First, none of the cases that the Defendant cites support his position.  Second, in order for Defendant to prevail on his statute of limitations argument at this stage, this Court would have to accept, in its entirety, the facts as presented in Mr. Eby's affidavit.  As can be seen from Mr. Lane's affidavit submitted in opposition to this motion, there are disputed issues of fact over who has superior rights to possession of the firearms and whether the statute of limitations has run on MLHA's claim.

### i.    MLHA Has A Superior Right to Possession of the Firearms At Issue

Defendant relies on *Dubied Machinery Company v. Vermont Knitting Company*, 739 F.Supp. 867 (S.D.N.Y. 1990) and *Jamison Business Systems v. Unique Software Corporation*, 02-cv-2887 (ETB), 2005 WL 1262095 (E.D.N.Y. May 26, 2005) in support of his argument that he has superior rights to the items in question.  Neither authority, however, supports his position.

In *Dubied Machinery*, this Court considered whether the plaintiff was entitled to summary judgment on its replevin claim.  739 F.Supp. at 872-73.  In that case, defendant agreed to purchase three knitting machines from the plaintiff.  *Id.* at 869.  While defendant was waiting for delivery of the machines, plaintiff loaned defendant a machine.  *Id.*  Dissatisfied with the machines, defendant never tendered payment nor did it return the borrowed machine prompting plaintiff to bring suit.  *Id.*  This Court noted that to establish a replevin cause of action under CPLR Article 71, "a plaintiff 'must show that [it] has an immediate and superior right to possession of the [goods].'"  *Id.* at 872 (quoting *DeWeerth v. Baldinger*, 658 F.Supp 688

(S.D.N.Y.) *rev'd on other grounds*, 836 F.2d 103 (2d Cir. 1987)).  Finding the plaintiff was entitled to summary judgment, this Court held "plaintiff is the owner of the [loaned machine], and is entitled to possession thereof." *Id.* at 873.

In his affidavit, Mr. Eby states that two handwritten documents show that "ownership of the aforementioned inventory of firearms was being transferred to me in satisfaction of a judgment and debt due and owing."  (Eby Aff., ¶ 6)  Mr. Eby further states that a third handwritten note shows that Mr. Lane "acknowledged me as being the owner of the subject firearms." (Id. at ¶ 8.)

Unlike Mr. Eby, however, Mr. Lane does not believe these handwritten documents reflect a transfer of ownership.  Mr. Lane states that he never believed Mr. Eby was the lawful owner of the firearm and other valuables. (Ex. E, ¶4.)  Further, according to Mr. Lane, the document which Mr. Eby says evidences his ownership is a forgery as it does not contain his signature. (Id., ¶ 6.)  As plead in Plaintiff's Complaint, at the time these items were removed, Mr. Eby "promised Mr. Lane that MLHA would be paid … by [Wilson]."  (Ex. A, ¶ 7.)  Further, Mr. Lane only allowed these items to leave his gallery "[i]n reliance upon Mr. Eby's promises and representations regarding payment …." (Id., ¶ 9.)  Clearly, the record before this Court does not establish that Mr. Eby has superior possessory rights to the firearms at issue as was the case with the personal property involved in *Dubied Machinery*.

Moreover, Mr. Eby is but one of three persons who were present when the document which purportedly establishes his superior rights in the firearms were executed.  Mr. Lane disagrees with Mr. Eby's interpretation of what these documents reflect and Mr. Wilson has not even been deposed on this subject (Ex. E, ¶¶ 6-8.).  Accordingly, there is no basis to dismiss

Plaintiff's replevin claim as there are disputed issues of fact over who has superior possessory rights to the firearms at issue.

The Defendant exerts much effort distinguishing this matter from *Jamison Business Systems, Inc. v. Unique Software Support Corporation*, 02-cv-4887 (ETB), 2005 WL 1262095 (E.D.N.Y. May 26, 2005), to say nothing more than the fact that he had a superior right to possession of the subject chattels. In *Jamison*, the court laid out the elements of replevin, stating that "the plaintiff must prove two elements: (1) that plaintiff has a possessory right superior to that of the defendant; and (2) that plaintiff is entitled to the immediate possession of that property." *Id.* at *14 (citing *Pivar v. Graduate School of Figurative Art of the N.Y. Academy of Art*, 290 A.D.2d 212, 213 (N.Y.A.D. 2002) (further citations omitted)). The court further stated that "[t]ypically, the remedy in a replevin action is the return of the property." *Id.* (citing *Valjean Mfg., Inc. v. Werdiger, Inc.*, 03-cv-6185 (HB), 2005 WL 356799, at *17 (S.D.N.Y. Feb. 14, 2005)).

As laid out more fully above, however, the record before this Court does not establish that Defendant has a superior right to possession of the subject firearms. As clearly laid out in Mr. Lane's Complaint, Mr. Eby was only "allowed … to remove the items", because of Eby's "promises and representations regarding payment for the items being tendered by [Wilson]." (Ex. A, ¶ 9.) Furthermore, in his affidavit, Mr. Lane clearly states that he not only did not consider Eby to be the lawful owner of the firearms and other valuables, he also states that he continued to expect "payment" or "return of the items" and that lawful title never passed to Mr. Eby. (Ex. E, ¶¶ 4, 9.)

### ii.    The Statute of Limitations Has Not Run on MLHA's Replevin Claim

In New York, actions "to recover a chattel or damages for the taking or detaining of a chattel" must be commenced within three years.  N.Y.CIV.PRAC.L.&R. § 214(3).  Defendant, relying on *Guggenheim Foundation v. Lubell*, 569 N.E.2d 426 (N.Y. 1991), and *In re: Peters*, 34 A.D.3d 29 (N.Y.A.D. 2006), argues that the statute of limitations has run on Plaintiff's replevin claim.  Defendant's reliance, however, is entirely misplaced.

In *Guggenheim*, the Court of Appeals of New York considered whether a museum's failure to exercise diligence to locate a missing painting is relevant to the purchaser's statute of limitations defense.  569 N.E.2d at 427.  A painting was taken from the plaintiff museum in the late 1960s and was subsequently sold to the defendant, a good faith purchaser; in 1986, the museum's director wrote a letter to the defendant demanding the return of the painting.  *Id.* at 428.  The trial court had granted the defendant's motion for summary judgment on the statute of limitations, but the Appellate Division "held that the trial court had erred in concluding that delay alone can make a replevin action untimely.'"  *Id.* at 429 (citations omitted).  The Court of Appeals agreed, holding that a cause of action for replevin "occurs when the true owner makes demand for return of the chattel and the person in possession of the chattel refuses to return it."  *Id.*  The court specifically noted that it did not sanction the museums conduct and that the museum's failure to exercise reasonable diligence "will be considered by the Trial Judge in the context of [defendant's] laches defense."  *Id.* at 431.

The United States Court of Appeals for the Second Circuit has since recognized that "an owner must make a demand for return of goods in order for a claim in replevin to accrue and the three-year statute of limitations to begin to run."  *Hoelzer v. City of Stamford*, 933 F.2d 1131, 1136 (2d Cir. 1991).  Moreover, while the *Peters'* court recognized that an "'aggrieved party

can, by delay in making his demand, extend indefinitely the period during which he is required to take action" 34 A.D.3d at 36, the court reiterated that "the degree of diligence exercised by the true owner in attempting to locate the stolen property and identify its owner is inapplicable to the statute of limitations" and that "'the demand and refusal rule … remains the law in New York.'" *Id.* at 37.

Here, the undisputed facts establish that this action was filed on October 1, 2007 and that demand was made in May, 2007. (Ex. A, ¶12.) To date, Eby has refused to return the items. (Id., ¶16, Ex. E, ¶19.) The Defendant does nothing to address these allegations. Instead, Eby continues to press his self-serving version of the facts in his affidavit arguing that ownership of the firearms was transferred to him in January, 2000. (Ex. C., ¶¶ 8-9.)

In his memorandum of law, relying on *Guggenheim*, Mr. Eby protests that he "will be unjustly prejudiced if the Plaintiff is permitted to proceed with his claim." (Defendant's Memo of Law, p. 7.) The *Guggenheim* court, however, could not have been clearer that the defendant's prejudice was relevant to the equitable defense of laches. 569 N.E.2d at 431. As it related to the defendant's statute of limitations defense, the court held that "[o]n the limited record before [it] there is no indication that the equities favor either party." *Id.*

Likewise, here, the limited record does not allow for this Court to make a determination on the equities. As it stands, the record shows only that demand for a return of the items was made approximately seven months ago, and this action was commenced on October 1, 2007 well within three years of commencement of the action. (Ex. A, ¶12.) Accordingly, Defendant's motion should be denied.

**C.    Plaintiff's Complaint States A Claim for Unjust Enrichment And There Are Disputed Issues of Fact Whether this Action is Governed By the Four Year or Six Year Statute of Limitations And Whether the Limitations Bars Plaintiff's Unjust Enrichment Claim**

Defendant next argues that Plaintiff's unjust enrichment claim is barred by the four year statute of limitations. According to Defendant, the statute of limitations on Plaintiff's unjust enrichment claim ran on or about January 14, 2004. Defendant also argues that Plaintiff can prove no set of facts showing that Defendant was unjustly enriched. As laid out more fully below, however, there are disputed issues of fact over whether this action is governed by the four or six year statute of limitations. Moreover, even if Eby is ultimately correct that Plaintiff's claim is governed by the four (4) statute of limitations, these are disputed issues of fact over when Plaintiff's claims occurred. Accordingly, this claim should not be dismissed.

**i.    Plaintiff's Complaint States a Claim for Unjust Enrichment**

Under New York law, "[a]n 'implied-in-law contract' or "quasi-contract," is an equitable cause of action premised upon unjust enrichment, which is founded not on a contract or agreement but, rather on an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience the party ought not to retain and that belongs to another." *McCluskey v. County of Suffolk*, 806 N.Y.S.2d 446, 2005 WL 2205750, at *5 (2005) (citing *Hamlin Beach Camping, Catering & Concessions Corp. v. State*, 303 A.D.2d 849, 756 N.Y.S.2d 354)). "Recovery on a claim premised upon quasi-contract or unjust enrichment is limited to the reasonable value of the services rendered by the plaintiff." *Id.* (further citations omitted).

Here, Plaintiff claims that Mr. Eby "promised Mr. Lane that MLHA would be paid for all the items … by [Mr. Wilson]." (Ex. A, ¶7.) Further, Plaintiff claims that on the basis of Mr. Eby's promises regarding payment by Mr. Wilson, Mr. Lane "allowed Mr. Eby to remove the

items listed in Exhibit "A" from MLHA's gallery." (Id.. ¶9.) Plaintiff asserts that Mr. Eby's "possession of these items despite his knowing that they were never paid for is unlawful and adverse to MLHA's right title and interest in the improperly retained items." (Id., ¶13.) Morever, Mr. Lane has stated that he never relinquished his possessory right to the firearm and other valuables and that he never believed that title to these items passed to Mr. Eby. (Ex. E, ¶¶ 6, 9.)

These facts are sufficient to establish a claim for unjust enrichment under New York law. The record currently before this Court is devoid of any written document purporting to establish the parties' agreement. While the parties did write out values for each of the firearms taken by Mr. Eby (Ex. A, ¶8) , they did not write out terms regarding when payment would be made and in what form. What is clear from Plaintiff's Complaint, however, is that Mr. Eby made representations and promises regarding Wilson's performance, which caused Mr. Lane to release the subject items to Mr. Eby. (Id., ¶¶ 7-9, 18.) Given Mr. Wilson's standing and wealth, it was entirely reasonable for Mr. Lane to expect that Mr. Eby's promises regarding Mr. Wilson's performance were genuine (Ex. E, ¶7.). To allow Mr. Eby to keep the firearm and valuables, despite the lack of promised performance on Mr. Wilson's part, would be entirely inequitable. Accordingly, Plaintiff has clearly set forth the elements of his unjust enrichment claim.

ii.    **There Are Disputed Issues of Fact Whether the Six of Four Year Statute of Limitations Applies To Plaintiff's Claims**

Under New York law, the statute of limitations for "an action upon a contractual obligation" is "six years" "except as provided in section two hundred thirteen-a of this article or article 2 of the uniform commercial code …. ." N.Y.CIV.PRAC.L.&R. § 213. "Where the contract at issue contains provisions, some of which are for the sale of goods and some of which are not, the court does not apply different limitations periods to different provisions, … ." *Carry*

*Oil Co. v. MG Refining & Marketing, Inc.*, 90 F.Supp.2d 401, 407 (S.D.N.Y. 2000) (citations omitted). "Rather, the court looks to the 'primary purpose' test to determine which statute of limitations applies to the entire contract." *Id.* "If the primary purpose of the contract is the sale of goods, the four-year UCC statute of limitations applies to the entire instrument." *Id.* "If the contract primarily is a non-sale of goods agreement, the six-year limitations period applies." *Id.* "This analysis is made in light of the parties' intent as indicated by the circumstances rather than the content of the four corners of the contract alone." *Id.*

Contrary to Defendant's allegations and conclusory statements, it is not clear whether the primary purpose of the contract at issue is the sale of goods. As laid out in Plaintiff's Complaint, Mr. Eby's promise to Mr. Lane was that "MLHA would be paid for all of the items he removed by [Mr. Wilson]." (Ex. A, ¶7). The primary purpose of this promise to Mr. Lane therefore was Mr. Wilson's promised performance. As such, there are disputed issues as to whether the agreement at issue is an agreement for goods and services and thus whether it is governed by the four or six year statute of limitations.

Defendant relies upon *Wuhu Import & Export Corporation v. Capstone Capital, LLC*, 39 A.D.3d 314 (N.Y.A.D. 2007) and *Herba v. Chichester*, 301 A.D.2d 822 (N.Y.A.D. 2003) in support of his limitations argument. *Wuhu* involved a dispute over mens' apparel. Plaintiff agreed to sell a portion of the goods to the defendant for $1,350,000. 39 A.D.3d at 315. On August 1, 2000, the defendant made a partial payment of $298,335.36. *Id.* The defendant subsequently noted defects in the goods, and on October 26, 2000, "the parties executed a 'settlement' agreement, pursuant to which plaintiff agreed to sell the apparel to the defendant at a reduced price of $598,335.36, with a credit for the prior payment." *Id.* at 315. Defendant never paid the $300,000 and the plaintiff commenced an action in June 2005 to recover this amount

claiming, among other things, unjust enrichment. *Id.* Applying the four year statute of limitations found in the UCC, the court dismissed plaintiff's claims. *Id.*

*Herba*, likewise, involved a dispute over goods and the court found that plaintiff's causes of action for breach of contract, unjust enrichment, and account stated "are based on the same allegations, i.e., nonpayment ... for the delivery of goods by plaintiff." 301 A.D. 2d at 823. "As a result" the court stated "all three causes of action are governed by the four-year statute of limitations and are time barred." *Id.*

Unlike *Wuhu* and *Herba*, it is far from clear on the record before this Court whether the four or six year statute of limitations applies to the agreement at issue. As Mr. Lane interpreted the agreement, he was bargaining for Mr. Wilson's promised performance making the agreement as one for services, not goods. (Ex. A, ¶¶ 7,9, Ex. E, ¶7.) Accordingly, there we disputed issues of fact over what statute of limitations applies to this dispute.

### iii.    Even If this Action is Governed By the Six Year Statute of Limitations, There Are Disputed Issues of Fact When Breach Occurred and Thus When Plaintiff's Claim Accrued

The record before this Court is far from clear when breach actually occurred. "In New York, a breach of contract cause of action accrues at the time of the breach." *Berg v. College of Staten Island Foundation, Inc.*, 819 N.Y.S.2d 846, 2005 WL 964553, at *2 (2006) (citations omitted). "The statute runs from the time of breach though no damage occurs until later." *Id.*

While Mr. Lane acknowledges that he did not impose a time element to the parties agreement, he is clear that what was promised to him was payment for the firearm and valuables he gave to Eby by Wilson. (Ex. E, ¶5; Ex. A., ¶¶ 7, 9.) On May 16, 2007, Mr. Lane demanded a return of those items because Mr. Eby had yet to render performance. (Ex. A, ¶12.) The statute of limitations began to run at that point in time and this action was filed on October 1, 2007, well

before any statute of limitations had run.    Accordingly, there are disputed issues of fact as to whether Plaintiff's unjust enrichment claim is barred by any statute of limitations.

### D.    Plaintiff's Complaint States a Claim for Breach of Contract And There are Disputed Issues of Fact Whether the Claim Is Barred By Any Statute of Limitations

"To establish a prima facie case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages." *National Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 525 (2d Cir. 2004).

#### i.    Plaintiff Has Plead Facts Establishing a Claim for Breach of Contract

Plaintiff alleges on January 14, 2000, Mr. Eby "promised Mr. Lane that MLHA would be paid for all of [the artifacts and firearms] he removed by [Mr. Wilson] on behalf of Mr. Eby." (Ex. A, ¶7.)  Plaintiff is clear that he only let Mr. Eby remove the items "[i]n reliance upon Mr. Eby's promises and representations regarding payment for the items being tendered. " (Id. at ¶9.) While Mr. Lane admits that there was no term regarding time of payment (Ex. E, ¶5), he avers that as of the filing of the Complaint "neither Mr. Eby nor the third-party has tendered payment for the items removed from MLHA's New York gallery."  (Ex. A, ¶10)    Plaintiff also pleads that MLHA "has sustained damages in excess of $200,000." (Id., ¶23.)  The fair market value of the items at issue "exceeds $200,000."  (Id., ¶ 6)   Accordingly, Plaintiff has set forth facts establishing all elements of his claim.

#### ii.    There Are Disputed Issues of Fact Whether the Plaintiff's Claim is Barred By Any Statute of Limitations.

As with his argument on Plaintiff's unjust enrichment claim, Defendant assumes that this action is one that is governed by the six year statute of limitations.  For the reasons laid out more fully in section (C)(ii) of this Memorandum, it is far from clear on the record before this Court whether the parties' agreement is governed by the four or six year statute of limitations. In either

case, however, the law is clear that Plaintiff's claim for breach of contract did not accrue until breach. *See Berg supra*; *see also* N.Y. U.C.C.§ 2-725(2).

For Plaintiff, Defendant breached his obligations at times after May 16, 2007 when he refused to secure Mr. Wilson's payment and failed to return the firearms upon demand. (Ex. A, ¶12; Ex. E ¶7.) Defendant, who views the parties' agreement as one for a sale of goods governed by the UCC, argues that Plaintiff's claim accrued on the same day that Eby promised Wilson's performance thus making it barred at all times subsequent to January 14, 2004.

Mr. Eby's argument which is logically disingenuous, however, entirely ignores MLHA's allegations, which must be viewed in MLHA's favor on this motion. MLHA alleges that Mr. Eby "promised Mr. Lane that MLHA would be paid for all of the items he removed" and that MLHA relied upon Mr. Eby's "promises and representations regarding payment for the items being tendered by [Mr. Wilson] on Mr. Eby's behalf." (Ex. A., ¶¶7,9.) While Mr. Eby may deny the existence of these promises and representations, his affidavit does nothing to address them. (*See generally* Ex. C hereto.) Instead, his affidavit makes several conclusory self-serving statements about his view of the parties' agreement. There are, however, several disputed issues of fact over when performance should have been rendered and thus over whether Plaintiff's breach of contract claim is barred by any statute of limitations. Accordingly, Defendant's motion should be denied.

### E.    There Is No Basis To Impose Sanctions on Either the Plaintiff or Its Counsel and Defendant's Motion Should Be Dismissed For Failing To Comply With the Safe Harbor Provisions of Rule 11

Rule 11 of the Federal Rules of Civil Procedure is clear that sanctions may only be imposed "after notice and a reasonable opportunity to respond." FED.R.CIV.P. 11(c). The Rule clearly states that a motion for sanctions "shall be served as provided in Rule 5, *but shall not be*

*filed with or presented to the court unless*, within 21 days after service of the motion ( …), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED.R.CIV.P. 11(c)(1)(A). This provision of Rule 11 is known as the "safe harbor" provision. *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328-29 (2d Cir. 1994) (reversing an order of sanctions where the district court failed to provide the offending party with the 21-day safe harbor period); *see also Rojas v. Theobold*, 02-cv-3623, 2007 WL 2455133 (E.D.N.Y. Aug. 23, 2007) (noting that failure to comply with the safe harbor period requires dismissal of the motion).

Here, Defendant made absolutely no effort to comply with the safe harbor provisions provided for in Rule 11. Instead, he proceeded to file his motion directly with this Court accusing Plaintiff's counsel of failing "to do a reasonable pre-filing inquiry so as to determine if there was any evidentiary support for the claims asserted." (Defendant's Memorandum of Law, p. 11.) Defendant and his counsel, moreover, have relied entirely upon the Defendant's completely self serving affidavit to make their arguments and have incorrectly assumed that there are no disputed issues of fact. However, as MLHA's Complaint and Mr. Lane 's affidavit make clear, there are several disputed issues of fact on all of Plaintiff's claims. Accordingly, Defendant's Rule 11 motion should be denied.

## IV.    CONCLUSION

On the basis of the foregoing, Defendant's motion to dismiss and for sanctions should be denied and Defendant should be made to answer Plaintiff's Complaint.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**


BY:_____/s/_____
            Gavin P. Lentz, Esquire
            Attorney for Plaintiff

Gavin P. Lentz, Esq.
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
(215) 735-2455 (fax)
glentz@bochettoandlentz.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARTIN LANE HISTORIC AMERICANA,** ) | |
| ) | |
| Plaintiff, ) | No. 07-cv-8496 |
| ) | |
| vs. ) | Hon. Judge Stein |
| ) | |
| **WILLIAM EBY,** ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and for Sanctions was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon counsel for the Defendant through this Court's ECF System:

> Arnold L. Kert, Esquire
> 666 Old Country Road
> Garden City, NY 11530

**BOCHETTO & LENTZ, P.C.**

Date: 11/29/07

BY:_____/s/_____
    Gavin P. Lentz, Esquire

Gavin P. Lentz, Esq.
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
(215) 735-2455 (fax)
glentz@bochettoandlentz.com