UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARTIN LANE HISTORIC AMERICANA        Case No.:07-CV-8496

              Plaintiff,        HON. JUDGE STEIN

   -against-        <u>MEMORANDUM OF LAW</u>

WILLIAM EBY,

              Defendant.
------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PREVIOUS MOTION PURSUANT TO RULES 12(b)(6) AND 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

 

Arnold L. Kert, PLLC
Attorneys for Defendant
By: Arnold L. Kert (ALK 3106)
666 Old Country Road
Garden City, New York 11530

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTIN LANE HISTORIC AMERICANA                    Case No.:07-CV-8496

                Plaintiff,                                              HON. JUDGE STEIN

  -against-                                                                MEMORANDUM OF LAW

WILLIAM EBY,

                Defendant.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

The Defendant, William Eby (hereinafter "Eby") by his attorneys, Arnold L. Kert, PLLC, submits the within Memorandum of Law in response to Plaintiff's opposition to the Defendant's previous Motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS and PROCEDURAL HISTORY

The instant action was commenced on or about October 1, 2007, when the Plaintiff filed a Summons and Complaint with this Court. In the aforementioned Complaint, the Plaintiff asserted a claim for replevin, unjust enrichment and breach of contract. In response thereto, on or about November 19, 2007[1], the Defendant, Eby, by his attorneys filed a Pre-answer Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therewith, the Defendant submitted documentary evidence which clearly demonstrated that Plaintiff's claims were all without merit. Furthermore, it was clearly established that based solely upon the facts as pleaded in the Plaintiff's Complaint, all claims as a matter of law are barred by the statute of limitations. Subsequently, on

---

[1] There was a stipulation entered into among the parties granting the Defendant an extension to file a responsive pleading or motion.

or about November 29, 2007, the Plaintiff filed a Memorandum of Law in response to the aforementioned Rule 12(b)(6) Motion. As the instant Memorandum of Law will point out, the Plaintiff can prove no set of facts tending to substantiate the vague claims asserted in his Complaint. Furthermore, in his Memorandum of Law, the Plaintiff has wholly failed to demonstrate the existence of any genuine issues of material fact such that would necessitate a trial.

In the interests of judicial economy, the facts relevant to the instant litigation are fully set forth in the Affidavit of the Defendant, William Eby, previously filed with the Defendant's Memorandum of Law on or about November 19, 2007.

## LEGAL ARGUMENT

### POINT I

### STANDARD FOR RELIEF REQUESTED

This Court is justified in granting a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) when it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle the Plaintiff to the relief requested. Jones v. Gonzalez, 2007 U.S. Dist. LEXIS 19151 (D.N.Y. 2007). Furthermore, FED. R. CIV. P. 12(b)(6) permits this Court to consider any affidavits and exhibits submitted and to treat a Motion to Dismiss as one for Summary Judgement. Summary Judgment is appropriate where there is no genuine issue as to any material fact. Mambru v. Inwood Cmty. Servs., 2007 U.S. Dist. LEXIS 85105 (S.D.N.Y. 2007). An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mambru v. Inwood Cmty. Servs., 2007 U.S. Dist. LEXIS 85105 at 5. A fact is material when it would affect the outcome of the suit under the governing law. Id. at 5.

## POINT II

### Because The Facts Alleged In Plaintiff's Complaint And Subsequent Memorandum Of Law Demonstrate That Title To The Subject Firearms Passed To The Defendant, The Plaintiff Has Failed To State A Claim For Replevin.

Contrary to the Plaintiff's argument, there is clearly no genuine issue of material fact regarding which party in the instant action has superior right to possession of the subject chattels. Rather, it is clear from the Plaintiff's recitation of the facts and the documentary evidence provided in support of the Defendant's Motion to Dismiss, that on or about January 14, 2000, the Defendant, William Eby, became the title owner of the subject chattels.

The Plaintiff alleges in his Complaint and reiterates in his Memorandum of Law that on or about January 14, 2000, the Defendant was given certain antique firearms in return for consideration in the form of an alleged promise to tender payment to the Plaintiff.[2] Such allegations, accepted as true, would illustrate a quintessential contract for the sale of goods. See Old Country Toyota Corp. v. Toyota Distributors, Inc. 966 F. Supp. 167 (1997) (indicating, a contract must be considered one for the sale when services are merely incidental or collateral to the sale of goods).

According to the aforementioned facts, as alleged in Plaintiff's Complaint, it is only reasonable to conclude that the sole purpose of the purported transaction or agreement was to transfer goods for money. Thus, it is clear as a matter of law that the instant transaction is governed by the Uniform Commercial Code, that title passed to the Defendant at the time the goods were delivered and that as a result, the Defendant had and continues to have superior right to the subject firearms. See N.Y. U.C.C. §2-401 (Consol. 2007) (indicating that unless the parties agree otherwise,

---

[2]See Plaintiff's Complaint para. 7 and Plaintiff's Memorandum of Law p. 4.

3

title passes to the buyer at the time and place where seller completes performance with respect to the delivery of the goods).

While the Plaintiff accuses the Defendant of making conclusory, self-serving statements, such is not the case. Rather, all of the facts asserted in the Affidavit of the Defendant, William Eby, are corroborated by documentary evidence. Although the Plaintiff disputes the authenticity of the document purported to evidence a written agreement between the parties, such does not give rise to a genuine issue of material fact because even without such evidence, it remains clear based solely upon the facts as alleged in the Complaint, that title to the subject firearms was transferred to the Defendant on or about January 12, 2000.

Finally, the Plaintiff attempts to argue that he never acknowledged the defendant as the owner of the subject firearms by claiming that the Defendant attaches an improper meaning to the March 31, 2000 consignment agreement, a copy of which is annexed to Defendant's Motion to Dismiss as Exhibit "D". It is important to note that the Plaintiff does not dispute the authenticity of the aforementioned agreement. Rather, the Plaintiff merely disputes the interpretation of the consignment agreement.[3] Such argument does nothing to advance the Plaintiff's attempt to show the existence of genuine issues of material fact because a dispute over the interpretation of a straightforward and unambiguous agreement presents a question of law, not a question of fact. See Ruttenberg v. Davidge Data Systems Corp., 215 A.D. 2d 191, 626 N.Y.S. 2d 174 (App.Div. 1st Dep't 1995) (stating, the mere assertion by one that contract language means something to him, where it is otherwise clear, unequovical and understandable when read in connection with the whole, is not in and of itself enough to raise a triable issue of fact.)

---

[3]See P. 6 of Plaintiff's Affidavit in opposition to Defendant's Motion to Dismiss.

4

The intention of the parties to this action can clearly be gathered from the reading of the March 31, 2000 consignment agreement. The aforementioned agreement clearly states that the subject firearms are "on consignment from Bill Eby". Furthermore, the consignment agreement has a notation indicating that the consigned firearms were "returned to Mr. Eby on 7.27.2000". It is absolutely clear from the foregoing that the Plaintiff acknowledged the Defendant as owner of the subject firearms, that the Plaintiff agreed to attempt to sell the firearms on the Defendant's behalf and that when the Plaintiff was unable to effectuate such a sale, the firearms were returned to the Defendant, the owner thereof.

Accordingly, not only is it clear from the aforementioned document that the Plaintiff has acknolwledged the Defendant as owner of the subject firearms, but by disputing the interpretation of the foregoing, the Plaintiff has failed to present a genuine issue of material fact.

### POINT III

### As A Matter Of Law Plaintiff's Unjust Enrichment Claim Must Be Dismissed On Grounds That It Is Barred By The Statute Of Limitations.

As an initial matter, it must be reiterated that the Plaintiff can prove no set of facts such as would tend to demonstrate that the Defendant was unjustly enriched. Conversely, as the documentary evidence provided by the Defendant makes absolutely clear, the Defendant received the subject firearms in consideration for money due and owing to him. Accordingly, equity and good conscience do not mandate the return of the chattels in question.

Even if this Court assumes that the January 14, 2000 agreement is not authentic, such would not raise a genuine issue of material fact because the absence of said document would not affect the outcome of this case. That is, based solely on the facts as alleged in the Plaintiff's Complaint, it is

5

clear as a matter of law that a claim for unjust enrichment is barred by the applicable statute of limitations.

Plaintiff alleges in his Complaint and reiterates in his Memorandum of Law that the subject firearms were transferred to the Defendant on or about January 14, 2000 and that they were transferred to the Defendant pursuant to an alleged promise to tender payment, on an unspecified date, to the Plaintiff.[4]  In his Complaint and Memorandum of Law, the Plaintiff also alleges such non-payment for goods delivered as the basis for his breach of contract cause of action.[5]

Since the foregoing facts evidence the quintessential agreement for the transfer of goods for money, and a subsequent breach for non-payment, the unjust enrichment claim is governed by a four-year statute limitations which accrues in coincidence with the breach of contract claim. Wuwu Import & Export Corp. v. Capstone Capital, LLC., 834 N.Y.S. 2d 129, 39 A.D. 3d 314 (App.Div. 1st Dept. 2007); Edward Herba Jr. et al v. Everett Chichester et al, 754 N.Y.S. 2d 695, 301 A.D. 2d 822 (App.Div. 3rd Dept. 2003).  Accordingly, the alleged unjust enrichment must have accrued on or about January 14, 2000.  See N.Y. U.C.C. §2-310 (Consol. 2007) (indicating that when time for payment is left open, a cause of action for breach of contract accrues at the time the goods are delivered.).

Based on the foregoing facts, and accepting the same as true, it is clear as a matter of law that the unjust enrichment claim must accrue in coincidence with the alleged breach of contract claim. Thus, regardless of whether the Court applies a four or six year statute of limitations, it is clear as a matter of law that the unjust enrichment claim was barred, at the latest, on or about January 12,

---

[4]See Plaintiff's Complaint para. 7 and Plaintiff's Memorandum of Law p. 4.

[5]See Plaintiff's Complaint para. 20-22.

6

2006. Accordingly, contrary to the Plaintiff's argument, the application of a four or six year statute of limitations does not present a genuine issue of material fact, as this claim is time barred regardless of which limitations period this court chooses to apply.

## POINT IV

**The Plaintiff Can Prove No Set Of Facts Tending To Demonstrate A Breach Of Contract And The Application Of A Four Or Six Year Statute Of Limitations Does Not Present A Genuine Issue Of Material Fact.**

As an initial matter, it must be reiterated that the Plaintiff has done nothing more than allege unsubstantiated facts in attempt to support a claim for breach of contract. The documentary evidence submitted by the Defendant, makes it clear that the Defendant never promised that he or any other party would be remitting payment to the Plaintiff for the subject chattels. In his opposition to the Defendant's Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff has made no effort to substantiate his claims and has merely rehashed the same vague allegations as contained in his Complaint. Notwithstanding the foregoing, because the application of a four or six year statute of limitations has no bearing on the outcome of this litigation, the Plaintiff wholly fails in his attempt to present a genuine issue of material fact.

In his Memorandum of Law, the Plaintiff attempts to demonstrate a genuine issue of material fact by claiming that there is question as to when the alleged breach of contract cause of action accrued. However, the plaintiff's position is completely unsupported by the existing law. In New York it is well settled that the statute of limitations on a breach of contract begins to run from the day that the contract was breached, not from the day that the breach was discovered or should have been discovered, and neither knowledge of the breach nor cognizable damages are required for the

statute of limitations to begin to run. Rosenblatt v. Christie, Manson & Woods Ltd., 2005 U.S. Dist. LEXIS 23816 (D.N.Y. 2005).

As previously discussed, based solely upon the Plaintiff's factual allegations, and accepting the same as true, the breach of contract cause of action is time barred regardless if this Court were to apply a four or six year statute of limitations. Accordingly, argument over which statute of limitations period this Court should apply does not present a genuine issue of material fact. The Plaintiff's Complaint and subsequent Memorandum of Law states that goods were transferred to the Defendant on or about January 14, 2000, that such were transferred pursuant to an alleged agreement to remit payment for the same, that the time for payment was left open and that no payment was tendered at the time the goods were delivered.[6]

The facts pleaded by the Plaintiff, even if accepted as true, evidence a quintessential sale of goods. Accordingly, the alleged transaction is governed by the Uniform Commercial Code, namely section 2-310. Therefore, as a matter of law it can only be concluded that any alleged breach would have occurred on or about January 14, 2000 and that such claim would have been time barred, at the latest, on or about January 14, 2006.

---

[6]See Plaintiff's Complaint para. 7 and Plaintiff's Memorandum of Law p. 4.

## **CONCLUSION**

For all of the aforementioned reasons and in light of the Defendant's previously submitted Memorandum of Law, it is respectfully requested that the Defendant's Motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure be granted in its entirety.

Dated: Garden City, New York
December 26, 2007

Respectfully submitted,

Arnold L. Kert, PLLC
Attorneys for Defendant
By: Arnold L. Kert (ALK 3106)
666 Old Country Road
Garden City, New York
(516) 222-1860

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NASSAU  )

I, MATTHEW LEHRER, being duly sworn, states as follows: I am employed in the County of Nassau, State of New York by Arnold L. Kert PLLC. I am over 18 years of age and not a party to the action. My business address is 666 Old Country Road, Garden City, New York 11530.

On December 26, 2007 I served the following documents:

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO RULES 12(B)(6) AND 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to:

> Gavin P. Lentz, Esq.
> Bochetto & Lentz, P.C.
> 1524 Locust Street
> Philadelphia, PA 19102

_____
MATTHEW LEHRER

Sworn to before me this
26th day of December, 2007.

_____
Notary Public

KARLEEN TISCHLER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4829103
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES NOVEMBER 30, 20 09

Case 1:07-cv-08496-DCF    Document 11    Filed 12/26/2007    Page 12 of 12

Case No.: 07-CV-8496

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**MARTIN LANE HISTORIC AMERICANA,**

                                                  Plaintiffs,

-against-

**WILLIAM EBY,**

                                                  Defendants.

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO RULES 12(b)(6) AND 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

**ARNOLD L. KERT PLLC**
ATTORNEY AT LAW
ATTORNEYS FOR DEFENDANT
666 OLD COUNTRY ROAD, SUITE 301
GARDEN CITY, NEW YORK 11530
TEL: (516) 222-1860 - FAX: (516) 222-1713

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*_____  *Signature:*_____
                                          *Print Signer's Name:* ARNOLD L. KERT

---

*Service of a copy of the within*                                  *is hereby admitted*
*Dated:*                                      _____
                                              *Attorney(s) for*

**PLEASE TAKE NOTICE**
**Notice of Entry**
    ( )    that the within is a certified copy of a        entered in the office of
            the clerk of the within named Court on

**Notice of Settlement**
    ( )    that an Order of which the within is a true copy will be presented for
            settlement to the Hon.        one of the judges of the within
            named Court, at
            on                      20    , at      .

*Dated:*                                              ARNOLD L. KERT PLLC
                                                666 OLD COUNTRY ROAD